(117 App. Div. 722)

### ELDER v. BANKERS' LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. February 15, 1907.)

1. INSURANCE—REGULATION—LIFE POLICIES—VALUATION—STATUTES.

In the absence of any contract between the parties as to how a life policy shall be valued in order to estimate the amount of the reserve required to be carried, the Legislature is entitled to determine the method of such valuation.

2. SAME—STATUTES—APPLICATION.

Defendant insurance company, originally organized as a fraternal organization, reincorporated as a mutual company, and again as a stock company in 1899, as authorized by Laws 1893, p. 1718, c. 690. The policies issued by defendant as a mutual company called for a stipulated premium and the payment of a definite amount as "face value," but also contained a safety clause providing for additional premiums in emergencies, which clause was waived when it was reincorporated as a stock company. *Held* that, in the absence of any provision in a policy issued while defendant was doing business on the mutual plan providing for valuation of such policies in order to determine the amount of reserve to be carried, such policies were properly valued by defendant company, reincorporated as a stock company as one-year term insurance at the ages attained as provided by Insurance Law. Laws 1892, p. 1955, c. 690, § 52, as amended by Laws 1901, p. 1780, c. 722.

Submission of controversy on agreed statement of facts by Franklin C. Elder against the Bankers' Life Insurance Company. Judgment for defendant.

This controversy is submitted under section 1279, Code of Civil Procedure, upon an agreed statement of facts, as follows: The Bankers' Life Insurance Company of the City of New York is a corporation originally organized as a fraternal organization March 24, 1869, under the name of "Bank Clerks' Mutual Benefit Association of the City of New York." On the 15th day of August, 1884, it was formally incorporated under the same name, and was thereafter, on June 28, 1893, reincorporated under article 6, c. 690, p. 2004, of the Laws of 1892, known as the "Insurance Law," for the purpose of doing business on the regular assessment or co-operative plan, under the same name. By an order of the Supreme Court of the state of New York, made on April 27, 1894, its name was changed to the Bankers' Life Insurance Company of the City of New York.

Pursuant to the provisions of chapter 690, p. 1718, of the Laws of 1893, entitled "An act authorizing all insurance companies transacting business on the co-operative or the assessment plan to reincorporate as a stock corporation under its existing corporate name," it reincorporated as a stock corporation on the 2d day of August, 1899, with a capital stock of $100 000, and ever since has been doing business as a stock company. At the time of this reorganization there was no statute in the state which laid down a definite rule for the valuation of such policies as had been issued by the Bankers' Life Insurance Company, as an assessment company organized under article 6 of the

insurance law, and these policies were valued by the department of insurance of the state of New York as ordinary life policies. In 1901, however, section 52 of the insurance law was amended so as to provide for a valuation by adding the following clause: "This section shall apply to insurance corporations organized under or subject to article 6 of the insurance law, as well as to insurance corporations organized under special charters, or articles 2 and 10 of the insurance law; all contracts, policies, and certificates issued by such corporations prior to accepting the provisions of this chapter shall be valued as one year term insurance at the ages attained, excepting when such contracts, policies, or certificates shall provide for a limited number of specified premiums or for specified surrender values, in which case they shall be valued as provided in article 2, section 84, of the insurance law." Section 52 under the last amendment reads as follows: "In the case of any corporation organized under or subject to article of the insurance law, which corporation has amended its charter, and is now operating under article of the insurance law, all contracts, policies, and certificates issued prior to its reincorporation, shall be valued as one year term insurance at the ages attained, excepting when such contracts, policies, or certificates shall provide for a limited number of specified premiums or specified surrender values, in which case they shall be valued as provided in article 2, section 84, of the insurance law."

The policies issued by the Bankers' Life Insurance Company, as a mutual company, all called for a stipulated premium, and for the payment of a definite amount of insurance known as "face value." But they also contained an additional clause known in mutual insurance as a "safety clause," by the terms of which it was agreed that "should an emergency arise through epidemic or otherwise, whereby the said premiums, supplemented by the reserve or emergency fund, are insufficient to meet the mortality requirements of the company, additional premiums equitably adjusted may be levied by the board of managers to meet such an emergency," and when the company reincorporated as a stock company in August of 1899, it waived this "safety clause," agreed to pay the "face value" of those policies, and sent a written waiver to such policy holder. The new charter of the stock company contained the following assumption of liability: "The Bankers' Life Insurance Company of the City of New York, reincorporated, shall be subject to the liabilities of the present company, including all contracts, policies, or certificates with its members, and to the same extent as though not reincorporated as a stock corporation " The plaintiff being of full age is the holder of defendant's two policies Nos. 2,614 and 2,615, for $2,500 each, issued on the 30th day of December, 1895, calling for the payment of annual premiums or consideration aggregating $139.84, which were issued by the defendant when a mutual company, which was assumed by defendant pursuant to section 52 of the insurance laws when it reincorporated as a stock company, and which are now in full force and effect.

Defendant deeming that it holds as a liability an excessive reserve on policies written between June of 1893 and August, 1899, has declared its intention of valuing these policies under section 52 of the insurance law as one-year term policies, and to keep on hand as a reserve therefor the amount required for one-year term policies. The plaintiff deeming that these policies should be valued as whole life policies, because of the fact that on assuming the business of the mutual company the stock company waived the assessment provided in its assessment policies, seeks to enjoin the defendant from so doing, and that it be directed to hold as a reserve liability the reserve called for by whole life policies under section 86 of the insurance law. Plaintiff demands judgment that the defendant be enjoined from valuing policies issued by it as an assessment corporation between June, 1893, and August, 1899, in any other way but as whole life policies, and for a mandatory injunction, directing it to keep a reserve on such business equal to whole life reserve on such policies. Defendant prays for judgment that the submission of the plaintiff be dismissed, and that it be decreed that a reserve on policies issued by it when it was an assessment corporation, between June of 1893 and August, 1899, equal to one-year term policies, is in compliance with section 52 of the insurance law.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, CLARKE, and SCOTT, JJ.

George W. Carr, for plaintiff.
. D. Cady Herrick, for defendant.

SCOTT, J. The defendant apparently comes within the express terms of section 52 of the insurance law, and, unless there is something in the contract between plaintiff and defendant which would be violated if the section is to be applied, we can see no reason why the section should not be complied with. We are unable to find, from anything contained in the agreed statement of facts, that the contract between the parties, or the statute at the time that contract was made, contained any provision relative to the valuation of policies such as plaintiff holds. In the absence of any contract between the parties as to how an insurance policy shall be valued in order to estimate the amount of reserve to be carried, the Legislature has the right to determine how much valuation shall be arrived at. It is not said that a valuation according to the method prescribed by the Legislature will result in the maintenance of an insufficient reserve, although it is averred that a valuation upon some other basis would result in the establishment of a larger reserve. If the basis of valuation fixed by the Legislature is improper or unwise, it is to the Legislature that appeal should be made for the establishment of a different basis. All that we can do is to determine whether section 52 of the insurance law applies to the policy which plaintiff holds, and, if so, whether it is violative of the contract between plaintiff and the defendant. We are of opinion that the section does apply to plaintiff's policies, and that it does not violate any provision, express or implied, in the contract between the parties hereto.

It follows that the judgment must be entered, without costs, in favor of defendant that the plaintiff's policies, issued by the predecessor of the present defendant, and assumed by the latter upon its reincorporation, are subject to valuation as one-year term policies, under section 52 of the insurance law. All concur.